STATE, Respondent, vs. SELBACH, Appellant.

*December 10, 1954—January 11, 1955.*

For the appellant there was a brief and oral argument by *Daniel C. O'Connor* of Portage.

For the respondent there was a brief by the *Attorney General* and *William A. Platz,* assistant attorney general, and *Howard W. Latton,* district attorney of Columbia county, and oral argument by *Mr. Platz* and *Mr. Latton.*

BROADFOOT, J. The defendant contends here that the trial court erred in refusing to permit defendant's witnesses to testify as to defendant's alleged alibi regardless of the failure to give written notice thereof. Sec. 355.07, Stats., provides as follows:

"In courts of record, if the defendant intends to rely upon an alibi as a defense, he shall give to the district attorney written notice thereof on the day of arraignment, stating particularly the place where he claims to have been when the crime is alleged to have been committed together with the

names and addresses of witnesses to his alibi, if known to the defendant. In default of such notice, evidence of the alibi shall not be received unless the court, for good cause shown, shall otherwise order."

It is admitted that no written notice was given to the district attorney pursuant to said section. However, the trial attorney stated that he had given the district attorney oral notice thereof shortly before the trial and in his opening statement at the trial he had made reference to the proposed alibi testimony. The defendant claims that this was sufficient notice under the statute and amounted to "good cause shown" as provided by statute.

The defendant also contends that, because he was deprived of a substantial right when his testimony to establish an alibi was not received, he should be granted a new trial in the interest of justice.

This statute has been held to be constitutional in *State v. Kopacka,* 261 Wis. 70, 51 N. W. (2d) 495. That case was also reported in 30 A. L. R. (2d) 476, followed by an annotation dealing with similar statutes in other states. A new trial was also denied in *State v. Driscoll,* 263 Wis. 230, 56 N. W. (2d) 788. The motion there was on the ground that the trial attorney had failed to give the notice required by said section. The denial of the motion by the trial court was affirmed here. That case differs from the present one because in the *Driscoll Case* there was no admission by the trial attorney that he was unaware of the provisions of said section.

The language of the statute is plain and unambiguous. Any notice given thereunder must be in writing. The defendant's attorney was one of his own choice. Whether good cause is shown for permitting the receipt of alibi testimony in the absence of a written notice is a matter within the discretion of the trial court. A review of the record does not indicate any abuse of discretion.

A new trial in the interest of justice can also be granted within the sound discretion of the court. The trial court directed the district attorney to check with the witnesses whose testimony had been offered and he had the benefit of the report. Upon the first motion for a new trial the court stated that the defendant had been ably defended, and the trial was fair in all respects. From the record before us we must agree.

*By the Court.*—Order affirmed.

CURRIE, J. (*dissenting*). The attorney general and district attorney concede the truthfulness and good faith of the attorney who represented defendant at the trial in stating that he was ignorant of the provisions of sec. 355.07, Stats., requiring advance written notice being given to the district attorney of certain facts as a condition precedent to introducing evidence to establish an alibi. It is also undisputed that defendant's counsel verbally informed the district attorney in advance of trial that he intended to prove an alibi. Then we have the further additional fact that the defendant was a seventeen-year-old boy, who, at the option of the trial court, could have been tried as a juvenile offender in juvenile court.

The last sentence of sec. 355.07, Stats., provides, "In default of such notice, evidence of the alibi shall not be received *unless the court, for good cause shown, shall otherwise order.*" Clearly this made it a matter of discretion for the learned trial court whether or not to find upon the foregoing facts that good cause did exist for relaxing the requirement of the giving of the written notice. However, in ruling on the district attorney's objection to the offering of alibi testimony, the trial court stated,

". . . the court *must* rule, pursuant to the objection of the district attorney, that since no written notice of the intention to use alibi was served pursuant to section 355.07 of the statutes, that the court *must* sustain any objection to any such proposed testimony."

542

Because of the trial judge's use of the word *"must"* it would appear that he did not consider that he had any discretion in the matter, but instead was required to rule that as a matter of law the foregoing facts did not constitute good cause for relaxing the statutory requirement of the written notice. While it would not have constituted an abuse of discretion to have determined that the facts did not establish good cause, we have here a situation where the trial court did not attempt to exercise the discretion which the statute conferred.

This error might well be held sufficient to require a new trial. In any event we believe this to be a proper case to invoke the discretionary power vested in this court by sec. 251.09, Stats., and order a new trial in the interests of justice.

I am authorized to state that Mr. Justice STEINLE concurs in this dissent.