QUINN, Plaintiff in error, V. STATE, Defendant in error.

*No. State 30. Argued January 6, 1972.—Decided February 3, 1972.*
(Also reported in 193 N. W. 2d 665.)

822

824

For the plaintiff in error there was a brief and oral argument by *Eugene L. Kaluzny* of Milwaukee.

For the defendant in error the cause was argued by *Michael R. Klos,* assistant attorney general, with whom on the brief was *Robert W. Warren,* attorney general.

HANLEY, J.   The sole issue presented on this review is whether the trial court erred in denying defendant's postconviction motions to withdraw his pleas of guilty.

This court frequently has been asked to review questions based on the alleged incompetency or inadequacy

of counsel. The standard for determining whether adequate representation has been given an accused was stated in *Pulaski v. State* (1964), 23 Wis. 2d 138, 148, 126 N. W. 2d 625, as follows:

". . . Often after trial, charges of incompetency are directed toward counsel because it appears other tactics than those chosen might have been more helpful to the accused. Criminal as well as civil cases cannot be retried at the instance of the loser because he is more hopeful of success on a second try. Unless the representation of counsel is so inadequate and of such low competency as to amount to no representation, a new trial cannot be granted on that ground. . . ."

This standard of "representation amounting to no representation at all" has been repeatedly applied by this court in passing on the question of competency of counsel.

Rather than listing the cases in which ineffectiveness of counsel has been alleged and in which the well-established standard has been applied by this court, it appears more appropriate to quote from this court's opinion, written by Mr. Justice ROBERT W. HANSEN, in the recent case of *Ameen v. State* (1971), 51 Wis. 2d 175, 186 N. W. 2d 206, in which the following was stated at pages 185 and 186:

"Par for the course these days is an attack upon the competence of trial counsel on appeal of criminal court convictions. Even the ablest of attorneys in the criminal law field are accustomed to having their judgment as to trial tactics challenged by postconviction counsel. The implication seems to be that something must have been wrong with trial strategies that were followed by a conviction. The implied suggestion is that a different game plan would have led to a different result. Not necessarily so. If the Monday morning quarterback's substitute strategy were to have been followed in Saturday's football game, the result might well have been the same—but the margin of defeat far greater. . . ."

Of course, there is no doubt that an accused is entitled to the effective assistance of counsel. Denial of this right would entitle a defendant to withdraw his guilty plea under the "manifest injustice" test enunciated in *State v. Reppin* (1967), 35 Wis. 2d 377, 151 N. W. 2d 9.

Plaintiff in error first urges this court to change the standard by which competency of counsel is tested, contending that the *Pulaski* criterion calls for nothing but a minimal effort on the part of defense counsel. As an alternative to that test, he suggests that this court adopt the Michigan standard, as set forth in *People v. Armstrong* (1970), 28 Mich. App. 387, 391, 184 N. W. 2d 531:

> "An accused is denied effective assistance of counsel, 'only when the trial was a farce, or a mockery of justice, or was shocking to the conscience of the reviewing court, or the purported representation was only perfunctory, in bad faith, a sham, a pretense, or without adequate opportunity for conference and preparation.' *People v. Degraffenreid* (1969), 19 Mich. App. 702, 710 [173 N. W. 2d 317, 321]. This standard focuses the attention of the appellate court upon the entire representation of defendant by his attorney. Even where the lawyer makes an egregious mistake which conceivably convicted his client, ordinarily it cannot properly be said that the trial was a sham if, putting that mistake aside, the case was well handled or even adequately handled by the lawyer. . . ."

Obviously, this proposed test, at the very least, is substantially identical to the present standard in this state, as expressed in *Flowers v. State* (1969), 43 Wis. 2d 352, 365, 168 N. W. 2d 843:

> ". . . The test, as we have said, is whether the representation was so inadequate as to amount to no counsel at all and to reduce the trial to a sham and a mockery of justice. . . ."

Clearly, when representation is "only perfunctory, in bad faith, a sham, a pretense," it does amount to no representation at all. We think that the *Pulaski* test clearly

and concisely establishes a workable standard for the review of claims of incompetency of counsel and should be retained.

Using this standard, plaintiff in error's claim that he was denied effective assistance of counsel can be examined. The only respect in which trial counsel was allegedly ineffective is that he failed to make any motions whatsoever. Undeniably, the effective practice of criminal law depends to a great extent upon "motion practice." And, in a given case, the failure to make appropriate motions could very well indicate such ineffectiveness of counsel as to require reversal of a conviction. However, in the instant case, counsel's failure to make motions does not appear to demonstrate ineffectiveness in any respect.

It must be remembered that there were two defendants in this case, and, although their cases were not consolidated, they were heard together to expedite proceedings preliminary to trial. Rudd's counsel, Attorney Barbee, made numerous motions, all of which were denied. Quinn, being involved in the same crimes and the same proceedings, had the same defenses which were unsuccessfully raised by Rudd in his pretrial motions. Therefore, for Attorney Goodsitt to have raised the same questions as those previously rejected by the trial court would have been an exercise in futility. Of course, if the trial court had granted any of Rudd's motions, Attorney Goodsitt would have been remiss if he had not presented the same motions to the court. That situation, however, is not presented here.

The mere failure to make any motions prior to plaintiff in error's plea of guilty in this case does not demonstrate ineffectiveness on the part of trial counsel. The record demonstrates that Attorney Goodsitt did act effectively and in his client's best interests. He negotiated a plea bargain under which Quinn was sentenced to concurrent

terms of eight years,' eight years' and four years' imprisonment, whereas the maximum exposure amounted to sixty-five years' imprisonment for these crimes. Postconviction counsel conceded at oral argument that this was an excellent plea bargain. Defendant's trial counsel is a competent, experienced criminal defense lawyer and has so demonstrated in prior appearances before this court.

We conclude that plaintiff in error has failed to prove ineffectiveness of trial counsel and should not be allowed to withdraw his guilty plea, either as a matter of right or under the "manifest injustice" test.

*By the Court.*—Orders and judgment affirmed.