SWONGER, Plaintiff in error, v. STATE, Defendant in error.

*No. State 36.   Argued March 2, 1972.—Decided March 28, 1972.*
(Also reported in 195 N. W. 2d 598.)

For the plaintiff in error there was a brief and oral argument by *John P. Santerre* of Barron.

For the defendant in error the cause was argued by *Paul H. Waggoner*, district attorney of Washburn county, with whom on the brief was *Robert W. Warren*, attorney general.

HANLEY, J.   Three issues are presented for review by this court:

(1) Should the trial court have granted a new trial on the basis of newly discovered evidence;

(2) Was it error to exclude alibi testimony when no notice of alibi was filed; and

(3) Was the representation given by defense counsel so inadequate as to amount to no representation at all?

*Newly discovered evidence.*

To support his motion for a new trial, defendant presented to the trial court affidavits which allegedly show that someone else had committed the burglaries for which he was convicted. The affidavits were those of Sharon Cook and Twila Peterson. Sharon Cook stated that she had visited the scenes of the three burglaries and recognized them as being the same cottages which had been burglarized by herself, Miss Peterson and two men named Gayllenn Hanson and Jim Hudson, after the two girls had run away from home. She also stated that defendant was not involved in these burglaries in any way. The affidavit of Twila Peterson admitted that she was with Miss Cook on the date the burglaries were committed. However, she stated that she did not remember the burglary itself and attempted to explain such lack of recollection by revealing that

she and Miss Cook were often under the influence of intoxicants during the time they were with the two men. Defendant contends that these affidavits reveal newly discovered evidence which entitles him to a new trial.

This court has frequently listed the criteria to be used in the evaluation of newly discovered evidence. In *State v. Herfel* (1971), 49 Wis. 2d 513, 521, 522, 182 N. W. 2d 232, it was stated:

". . . The standard requirements for granting a new trial on the basis of newly discovered evidence are well established; they are: (1) The evidence must have come to the moving party's knowledge after a trial; (2) the moving party must not have been negligent in seeking to discover it; (3) the evidence must be material to the issue; (4) the testimony must not be merely cumulative to the testimony which was introduced at trial; and (5) it must be reasonably probable that a different result would be reached on a new trial. . . ."

If the newly discovered evidence fails to pass any one of these five tests, it is not sufficient to warrant a new trial. *Lock v. State* (1966), 31 Wis. 2d 110, 142 N. W. 2d 183. Whether or not a new trial should be granted on the basis of newly discovered evidence lies within the sound discretion of the trial court. *Combs v. Peters* (1964), 23 Wis. 2d 629, 127 N. W. 2d 750, 129 N. W. 2d 174.

The trial court held that the affidavits failed to indicate that the evidence made it reasonably probable that a different result would be reached on a new trial. In a memorandum decision, the court noted that the affidavit of Miss Peterson "practically destroys the value of the affidavit by Cherri Cook." The court stated:

". . . In view of the fact that Sharon Cook says that Twila Peterson was also along at the time said cabins were allegedly burglarized by Gayllenn Hanson and Jim Hudson instead of Larry Swonger, and in view of the fact that Twila Peterson says that she does not re-

member any such incident as related by Sharon Cook, and gives as a possible reason for her not remembering that she and Sharon Cook were often under the influence of intoxicants during the period that they were with Gayllenn Hanson and Jim Hudson, it does not seem to me that testimony of these runaway girls, by their own admission runaway girls at the time of the incident they relate, would have any substantial effect on a new trial."

We think that the trial court's evaluation of the worth of these affidavits is correct. Moreover, the court took pains to reveal its impressions concerning the witnesses who testified at trial and the evidence revealed by them. The court believed that the evidence overwhelmingly supported the conviction and the record justifies that conclusion. Great weight was placed on the testimony of the state's primary witnesses who stated that they were defendant's accomplices during the burglaries. On the other hand, the court was convinced that the defendant had committed perjury in attempting to defend himself. It is therefore our conclusion that, in light of the dubious nature of the newly discovered evidence as opposed to the great weight of evidence supporting the conviction, the trial court did not abuse its discretion in denying a new trial.

*Alibi testimony.*

Defendant contends that the trial court should have permitted his parents to testify that he was at home on the night of the burglaries. The trial court sustained an objection to this testimony on the grounds that no notice of alibi had been given, as required by sec. 955.07, Stats. 1967:

"**Alibi to be pleaded.** In courts of record, if the defendant intends to rely upon an alibi as a defense, he shall give to the district attorney written notice thereof on the day of arraignment, stating particularly the place

where he claims to have been when the crime is alleged to have been committed together with the names and addresses of witnesses to his alibi, if known to the defendant. In default of such notice, evidence of the alibi shall not be received unless the court, for good cause shown, shall otherwise order."

Trial counsel stated that he did not file a notice of alibi because he did not feel that such testimony constituted an alibi, since no strangers to the family would be called as witnesses.

The determination of whether or not to allow alibi testimony in the absence of a notice of alibi is a matter within the trial court's discretion. *Jensen v. State* (1967), 36 Wis. 2d 598, 602, 153 N. W. 2d 566, 154 N. W. 2d 769. We find that the trial court did not abuse its discretion in deciding that "good cause" had not been shown in this case. The mere fact that the alibi witness is a member of the defendant's family is not sufficient to justify the failure to give proper notice of alibi to the district attorney. *See e. g., Gray v. State* (1968), 40 Wis. 2d 379, 161 N. W. 2d 892; *State v. Escobedo* (1969), 44 Wis. 2d 85, 170 N. W. 2d 709. We have held that the statute requires notice to be given even when the alibi consists of nothing more than the defendant's uncorroborated testimony that he was elsewhere at the time the crime was committed. *State ex rel. Simos v. Burke* (1968), 41 Wis. 2d 129, 163 N. W. 2d 177. This court has made it plain that evidence of alibi includes "any testimony placing the defendant somewhere else at the time of the crime." *State ex rel. Simos v. Burke, supra,* at page 134. In addition, a mistaken interpretation of the requirements of the statute, or even total lack of awareness of the existence of the statute is insufficient to constitute "good cause." *See: State v. Selbach* (1955), 268 Wis. 538, 68 N. W. 2d 37. Therefore, the trial court properly excluded the offered testimony.

*Effectiveness of counsel.*

Defendant contends that trial counsel, Attorney Lawrence Gherty gave inadequate representation in that he failed to give notice of alibi and neglected to call the jury's attention to the fact that the state's principal witnesses had been granted immunity from prosecution for their participation in this crime. In *Quinn v. State* (1972), 53 Wis. 2d 821, 193 N. W. 2d 665, this court recently reaffirmed the "representation amounting to no representation at all" test by which effectiveness of counsel is determined. We think that the two respects in which trial counsel is asserted to have been ineffective do not, in and of themselves, warrant granting a new trial.

Effective assistance of counsel is not denied merely because the attorney fails to service a notice of alibi. *State ex rel. Simos v. Burke, supra,* at page 140. Moreover, on the basis of the record before this court, we conclude that counsel's failure to reveal that the state's witnesses had been granted immunity does not demonstrate ineffectiveness. The trial court noted that the decision might have been a matter of strategy, and that, in any event, at least six of the jurors were aware of the grant of immunity because of their participation on other cases in which these witnesses had testified and had revealed their immunity from prosecution. Finally, a review of the entire record reveals that defense counsel conducted vigorous cross-examinations of the state's witnesses, pointed out discrepancies and shortcomings in their stories, called witnesses on his client's behalf, and generally conducted a very able defense. The trial court reviewed Attorney Gherty's reputation and found him to be a highly competent counsel who effectively represented defendant in this case:

". . . Mr. Gherty does have a reputation in this part of the state as being a very competent attorney in crim-

inal matters. Mr. Gherty has practiced at Hudson, Wisconsin since about 1946, has been district attorney for St. Croix county for about three terms, has been circuit judge of the Eighth Judicial Circuit for about a year and a half, and during the rest of the time since 1946 has been engaged in private practice in Hudson and enjoys a very good reputation as an attorney. In view of all the facts and the entire record, I do not believe that I can grant defendant Swonger a new trial on the basis that he was not adequately represented."

We conclude, therefore, that defendant has failed to show any basis for granting a new trial. The order of the trial court is affirmed.

*By the Court.*—Order affirmed.