LANGE, Plaintiff in error, v. STATE, Defendant in error.

*No. State 143.   Argued March 30, 1972.—Decided May 2, 1972.*
(Also reported in 196 N. W. 2d 680.)

For the plaintiff in error there was a brief by *Jack L. Goodsitt* and *Goodsitt & Goodsitt,* all of Milwaukee, and oral argument by *Jack L. Goodsitt.*

For the defendant in error the cause was argued by *Thomas J. Balistreri,* assistant attorney general, with whom on the brief was *Robert W. Warren,* attorney general.

HEFFERNAN, J.  We decline to review the sentences imposed for burglary and attempted burglary in the 1968 proceedings. While the execution of the sentences of six years and five years was stayed while the defendant was on probation and that probation was not revoked until 1970, we deem that any objection to a sentence, whether stayed or imposed, must be made within a period of time commencing on the date of the orig-

inal imposition. While the ninety-day period within which motions may be brought for the review of sentences, as set forth in *Hayes v. State* (1970), 46 Wis. 2d 93, 175 N. W. 2d 625, is not jurisdictional, we conclude that the motions in 1971 were brought too late to review, as a matter of right, the alleged excessiveness of the sentences imposed in 1968. The writs of error issued are sufficient only to review the sentences imposed in 1970.

This court will review sentences to determine if there has been an abuse of discretion. *State v. Tuttle* (1963), 21 Wis. 2d 147, 151, 124 N. W. 2d 9. Our policy in that respect was further explicated in *Jung v. State* (1966), 32 Wis. 2d 541, 547, 145 N. W. 2d 684, and *McCleary v. State* (1971), 49 Wis. 2d 263, 182 N. W. 2d 512. In *McCleary* we said that this court would review sentences to determine if discretion was in fact exercised and whether the exercise of discretion was based on proper factors. We said:

"By this we mean that this court should review and reconsider an allegedly excessive sentence whenever it appears that no discretion was exercised in its imposition or discretion was exercised without the underpinnings of an explained judicial reasoning process. Where the judicial sentencing discretion is exercised on the basis of clearly irrelevant or improper factors, an abuse of discretion also results." *McCleary, supra,* page 278.

In the instant case the defendant claims that the trial court failed to state valid reasons for the imposition of sentence and, in addition, it is alleged that the stated factors upon which the judge based his exercise of discretion were improper.

Contrary to the defendant's contentions, the lower court expressed its reasons for the imposition of the sentences. The judge referred to the fact that the defendant had previously been before him and placed on probation for four crimes, two of them read-ins, in 1968. The trial judge stated, prior to the 1970 imposition of

sentences, that the defendant had an opportunity on probation. He said, "You have violated each and every term of this court's probation." The trial judge had before him a presentence investigation report which showed not only prior felonies but numerous contacts with the law as an adult and as a juvenile.

In giving the reasons for the imposition of sentence, the trial judge made it sufficiently clear that, from the record, he was satisfied that the defendant had a prior opportunity for rehabilitation without incarceration and that it now appeared appropriate to impose a lengthy period of incarceration.

It is argued that the use of the juvenile record was misleading because numerous contacts there listed were referrals only and not "convictions." No objection was made to the use of this information and, in any event, referrals are relevant evidence at sentencing to show a pattern of behavior. We stated in *Neely v. State* (1970), 47 Wis. 2d 330, 334, 335, 177 N. W. 2d 79, ". . . all relevant information [should] be brought to the attention of the sentencing judge." In *Neely*, we permitted the use of a juvenile report in a presentence investigation which contained delinquency findings that were set aside pursuant to *In re Gault* (1967), 387 U. S. 1, 87 Sup. Ct. 1428, 18 L. Ed. 2d 527.

It is also contended that the reading of the juvenile record in open court was improper because the Children's Code requires that juvenile records be kept confidential. Whether or not the confidentiality of those documents was breached at the hearing for the review of sentences is immaterial in determining whether or not the sentences were properly imposed initially. It is clear that a juvenile record is highly relevant and proper as a matter to be considered in the exercise of the sentencing discretion. *Hammill v. State* (1971), 52 Wis. 2d 118, 121, 187 N. W. 2d 792.

At the hearing at which the contents of the juvenile record were read by the judge, the defendant elicited the record basis of the court's exercise of sentencing discretion. No objection was made to the public recital of the juvenile record, and it is difficult to see, when a review of sentence is requested, what public-policy factors impel the confidentiality of a juvenile record for an adult who has been convicted of nine felonies.

Additionally, the defendant claims that the judge's statements at the time of sentencing evidence an abuse of discretion. Prior to sentencing the trial judge said, ". . . this courtroom was permeated with the filth of perjury under oath. It was not only committed by your witnesses, but by yourself as well." He also referred to the fact that the court and jury were required to sit through "your organized perjury."

We agree with counsel for the defendant that it is impermissible for a trial judge to add to a convicted defendant's sentence an additional term for the crime of perjury. If perjury has occurred, it should be the subject of a separate charge and conviction. The language employed by the trial judge was improper and misleading. We have, however, frequently pointed out that the trial judge's appraisal of a defendant's attitude, including the evidence of his veracity at trial is highly relevant to the exercise of sentencing discretion. In *State v. Schilz* (1971), 50 Wis. 2d 395, 403, 184 N. W. 2d 134, the trial judge stated that the defendant was "a deliberate, bold-faced liar." In reviewing the record of the sentencing procedures, there is no evidence that the trial judge imposed an additional term because the defendant had committed the additional crime of perjury. Rather, the judge's utterances were references to the defendant's pattern of conduct which was relevant in determining the necessity of rehabilitative, custodial treatment and

incarceration for the crimes which had been charged and proved.

Defendant also contends that the judge based the lengthy sentences herein imposed upon the fact that the defendant had requested and received a jury trial. He underpins this by quoting the statement of the trial judge: "It certainly defeats the wonderful American system of justice, as this court and this jury had to sit through this trial for some two and one-half days . . . ."

The defendant also points to the statement by the judge: "The jury was out less than two hours and an hour or forty-five minutes of which was used to eat their lunch." Were there evidence to show that the sentences imposed were punishment merely because the defendant had asked for a jury trial, the additional sentence imposed for that reason would in itself be a perversion of the American system of justice. We stated in *Finger v. State* (1968), 40 Wis. 2d 103, 113, 114, 161 N. W. 2d 272, that we agreed with the rationale of *United States v. Wiley* (7th Cir. 1960), 278 Fed. 2d 500, 504, that it is improper to punish a defendant "because in *good faith* he defends himself when charged with a crime, even though his effort proves unsuccessful." (Emphasis supplied.) We pointed out, however, "that the interposition of a frivolous defense showing *lack of good faith* forcing a trial and unreasonably burdening a court is properly a matter to be considered in denying probation [or] . . . in determining the length of sentence." (Emphasis supplied.) We believe that a reasonable interpretation of the trial judge's remarks comports with the rationale of *Wiley* as adopted by this court in *Finger*. It is apparent that the trial judge considered the defense wholly frivolous and it was proper for him to consider that fact in imposing the terms of sentence.

Other statements of the trial judge are also cited to show an abuse of discretion. In each case we are satis-

fied that the facts indicate that the matters referred to by the judge posed questions that were relevant in determining the length of sentence.

Counsel on this appeal cites earlier cases of this court to show that the sentences were excessive. In *McCleary*, we referred to the Model Sentencing Act and cited with approval its admonition that the nondangerous or ordinary felon should receive no more than a five-year maximum. That same opinion referred to the American Bar Association *Standards Relating to Sentencing Alternatives and Procedures*. We stated that:

". . . we find it persuasive that the considered judgment of all these studies concludes that the ordinary offender ought not be sentenced to a term in excess of five years *unless circumstances are present* which trigger a proper exercise of judicial discretion to impose a greater sentence." (Emphasis supplied.) *McCleary, supra,* page 290.

Unlike the defendant in *McCleary* and unlike the situations referred to in the various studies discussed in *McClearly,* the defendant herein was not a first offender. The standards do not contemplate a five-year limitation for habitual offenders even where nonviolent crimes are concerned. The sentencing standards contemplate sentences of up to twenty-five years for habitual offenders (sec. 3.3(a) (ii) and for multiple offenses (sec. 3.4 (b) (i)). Under sec. 939.62, Stats., the defendant was a repeater.

Adequate reasons for a lengthy term of incarceration are apparent from the face of the record. On the basis of the record of these proceedings and the defendant's personal record as a law violator, it is apparent that it was within the discretion of the trial judge to impose a substantial term of incarceration. The record fails to evince a clear abuse of discretion in the imposition of sentence.

*By the Court.*—Judgments and order affirmed.