SCHLEISNER, Plaintiff in Error, v. STATE, Defendant in Error.

*No. State 124. Argued March 28, 1973.—Decided June 5, 1973.*
(Also reported in 207 N. W. 2d 636.)

For the plaintiff in error there was a brief by *Harry F. Peck* and *Hayes, Peck & Gerlach,* all of Milwaukee, and oral argument by *Harry F. Peck.*

For the defendant in error the cause was argued by *Robert D. Martinson,* assistant attorney general, with whom on the brief was *Robert W. Warren,* attorney general.

WILKIE, J. Only one issue is involved on this review: Was defendant denied the effective assistance of counsel at trial?

The root of the alleged incompetency or ineffectiveness of trial counsel lies in trial counsel's choice to try defendant's case under the A. L. I. definition of insanity rather than the *M'Naghten* definition, thereby assuming the burden of proof of insanity, and in the further allegation that such counsel did not present a prima facie case of insanity. According to defendant, his counsel never asked Dr. Crowley (the defense psychiatrist) at the trial, whether, as a result of the disease or defect he was suffering from, he lacked the substantial capacity to appreciate the criminality of his act or conform his conduct to the requirements of the law.

In *State v. Shoffner* [2] this court adopted a rule permitting defendants to waive the benefits of the *M'Naghten* insanity test as provided in *State v. Esser*,[3] and affirmatively assume the burden of proof under the A. L. I. definition of insanity: [4]

". . . . Accordingly, we direct that where a defendant pleads not guilty by reason of insanity, presents evidence that as a result of mental disease or defect (other than an abnormality manifestetd only by repeated criminal or otherwise antisocial conduct) he lacks substantial capacity to conform his conduct to the requirements of law, desires to be tried under the American Law Institute definition of the defense of insanity, and is willing to carry the burden of proof on the issue, he is to be permitted to waive such provisions of sec. 957.11 (1) and (2), Stats., as place the burden of proof on the insanity issue on the state, and have the jury instructed in terms of the American Law Institute definition." [5]

Counsel questioned Dr. Crowley at length on the psychiatric condition of defendant at the time of the alleged offenses. This exhaustive questioning did not include a precise question of Dr. Crowley as to whether, as a result

---

[2] *Supra,* footnote 1, at page 427.

[3] (1962), 16 Wis. 2d 567, 599, 115 N. W. 2d 505.

[4] Sec. 971.15, Stats.: "**Mental responsibility of defendant.** (1) A person is not responsible for criminal conduct if at the time of such conduct as a result of mental disease or defect he lacked substantial capacity either to appreciate the wrongfulness of his conduct or conform his conduct to the requirements of law.

"(2) As used in this chapter, the terms 'mental disease or defect' do not include an abnormality manifested only by repeated criminal or otherwise antisocial conduct.

"(3) Mental disease or defect excluding responsibility is an affirmative defense which the defendant must establish to a reasonable certainty by the greater weight of the credible evidence."

[5] *State v. Shoffner, supra,* footnote 1, at page 427. *See also: State ex rel. Schopf v. Schubert* (1970), 45 Wis. 2d 644, 648, 173 N. W. 2d 673.

of mental disease or defect, the defendant lacked the substantial capacity to appreciate the criminality of his acts or to conform his conduct to the dictates of the law.

The test of effective assistance of counsel as of the date of this trial is whether the legal representation is "so inadequate and of such low competency as to amount to no representation." [6] In view of the exhaustive questioning by counsel of Dr. Crowley as to the mental condition of the defendant at the time of the alleged offense, we are satisfied that the representation was adequate under this test. We are not concerned with whether the representation met the standards now set forth in *State v. Harper.*[7] At no time subsequent to the trial has counsel provided any information showing what Dr. Crowley would have testified to if he had been asked whether the defendant lacked the substantial capacity to appreciate the criminality of his acts or to conform his conduct to the dictates of the law.

*By the Court.*—Judgment affirmed.

---

[6] *Pulaski v. State* (1964), 23 Wis. 2d 138, 148, 126 N. W. 2d 625; *Quinn v. State* (1972), 53 Wis. 2d 821, 193 N. W. 2d 665; *Swonger v. State* (1972), 54 Wis. 2d 468, 195 N. W. 2d 598.
[7] (1973), 57 Wis. 2d 543, 557, 205 N. W. 2d 1.