STATE of Wisconsin, Plaintiff-Respondent,

v.

Cornell D. REYNOLDS, Defendant-Appellant.

Court of Appeals

*No. 2004AP2389–CR. Submitted on briefs August 8, 2005.*
*—Decided September 20, 2005.*

**2005 WI App 222**

(Also reported in 705 N.W.2d 900.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Terry Evan Williams* of *Williams Law Office*, Milwaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Peggy A. Lautenschlager*, attorney general, and *Alan Lee*, assistant attorney general.

Before Cane, C.J., Hoover, P.J., and Peterson, J.

¶ 1. PETERSON, J.  Cornell Reynolds appeals a judgment convicting him of operating an automobile without the owner's consent while armed, causing death; operating an automobile without the owner's consent while armed, causing great bodily harm; and being a felon in possession of a firearm. He also appeals an order denying his motion for postconviction relief. He argues he was denied the effective assistance of counsel because his trial attorney failed to investigate and present his alibi defense and that the circuit court erred when it denied him a *Machner*[2] hearing. Because Reynolds's postconviction motion contained sufficient facts that, if true, would entitle him to relief, we reverse and remand to the circuit court with directions to conduct a *Machner* hearing.[3]

## BACKGROUND

¶ 2.  On May 25, 2001, two men approached a group of teenaged boys and girls talking in a parking lot in Milwaukee. One of the men shot two of the boys, injuring one and killing the other. The men drove away in the vehicle the teenaged boys had been driving.

¶ 3.  Reynolds was identified as the shooter and arrested two days later. On August 14, 2001, Reynolds's counsel, Peter Goldberg, informed the court that he

---

[2] *State v. Machner*, 92 Wis. 2d 797, 285 N.W.2d 905 (Ct. App. 1979).

[3] Reynolds also argues, for the first time on appeal, that counsel was ineffective for failing to adequately cross-examine witnesses regarding police suggestion in line-ups, failing to argue that no one actually saw him shoot the victims, and abandoning a motion to suppress statements. Because we conclude Reynolds is entitled to a *Machner* hearing regarding his counsel's failure to raise an alibi defense, we need not reach the merits of Reynolds's alternate arguments.

would be asking for a continuance, in part to investigate his client's claimed alibi. However, a week later, Goldberg withdrew as counsel. New counsel was appointed, but no notice of alibi was filed.

¶ 4. A jury trial was held, and Reynolds's defense was identification. Defense counsel cross-examined witnesses who identified Reynolds as the shooter. The defense rested without introducing any evidence. The jury found Reynolds guilty of all three charges, and the circuit court entered a judgment of conviction upon the jury's verdict.

¶ 5. On June 25, 2003, Reynolds moved for post-conviction relief. He sought a new trial because, among other things, his counsel was ineffective by failing to present an alibi defense. The circuit court denied Reynolds's motion without a hearing. The court concluded that Reynolds had not alleged sufficient facts to establish an alibi. It assumed, as Reynolds contended, that the crimes occurred between 10:30 p.m. and 10:50 p.m. Reynolds's affidavit stated he was with Mario Mills from 10 p.m. to 1 a.m. on the night of the crimes. Mills's affidavit claimed he was with Reynolds between 10:45 p.m. and 12:30 a.m. that night. However, the circuit court concluded the affidavits did not constitute a denial that Reynolds was at the crime scene and thus did not adequately present an alibi.

## DISCUSSION

¶ 6. To establish ineffective assistance of counsel, a defendant must show both that trial counsel's performance was deficient and that the deficiency was prejudicial. *Strickland v. Washington*, 466 U.S. 668, 697 (1984). Performance is deficient if it falls outside the

657

range of professionally competent representation, measured by the objective standard of what a reasonably prudent attorney would do under the circumstances. *State v. Pitsch*, 124 Wis. 2d 628, 636–37, 369 N.W.2d 711 (1985). Prejudice is demonstrated where, but for counsel's deficient performance, there was a reasonable probability of a different trial outcome. *State v. Erickson*, 227 Wis. 2d 758, 773, 596 N.W.2d 749 (1999).

¶ 7.   A defendant alleging ineffective assistance of counsel is not entitled to an evidentiary hearing as a matter of right. To obtain an evidentiary hearing, the defendant must allege sufficient facts in a postconviction motion that, if true, would entitle the defendant to relief. *State v. Thornton*, 2002 WI App 294, ¶ 27, 259 Wis. 2d 157, 656 N.W.2d 45. If the record conclusively demonstrates that the defendant is not entitled to relief, no hearing need be held. *See State v. Bentley*, 201 Wis. 2d 303, 310, 548 N.W.2d 50 (1996). An evidentiary hearing is needed to resolve most credibility issues. *See State v. Hampton*, 2002 WI App 293, ¶ 25, 259 Wis. 2d 455, 655 N.W.2d 131, *aff'd,* 2004 WI 107, 274 Wis. 2d 379, 683 N.W.2d 14.

¶ 8.   When the circuit court is presented with an ineffective assistance of counsel claim, it must review the postconviction motion on its face to determine whether the defendant has alleged sufficient facts that would entitle the defendant to relief. *Bentley*, 201 Wis. 2d at 309–10. We review the motion's sufficiency independently. *Id.* at 310. If the circuit court determines that the defendant has failed to allege sufficient facts, it may in its discretion deny the motion without an evidentiary hearing. *Id.* We review this decision for an erroneous exercise of discretion. *Id.* at 311.

¶ 9.  Reynolds submitted three affidavits in support of his postconviction motion, one by his postconviction counsel, one by himself, and one by his alibi witness, Mills. Reynolds's counsel's affidavit asserted that Reynolds had informed his trial attorneys of his alibi, that Reynolds was out drinking at bars with Mills and others at the time of the shooting and therefore could not have been the shooter, that neither of Reynolds's trial attorneys contacted Mills, and that the alibi witnesses were essential to Reynolds's defense. Reynolds's affidavit alleged that he was with Mills at several bars from 10 p.m. to 1 a.m., that he told his trial attorneys about his alibi, and that neither attorney contacted his alibi witness. Mills's affidavit stated he was with Reynolds from 10:45 p.m. to 12:30 a.m. and identified the bars they visited during that time. Mills also stated he was not contacted by Reynolds's trial counsel.

¶ 10.  The State argues that Reynolds's motion and supporting affidavits do not contain sufficient facts to entitle him to relief.[4] The State points out that Reynolds's affidavit does not allege that he was not at the crime scene, nor that he is innocent. However,

> [t]he word, "alibi," is merely a shorthand method of describing a defense based on the fact that the accused was elsewhere at the time the alleged incident took place. The word, "alibi," is simply the Latin word for "elsewhere."

---

[4] The State argues Reynolds should have obtained an affidavit from his trial counsel to submit with the postconviction motion. However, the State provides no authority for the bright-line rule that a defendant is required to submit such an affidavit in order to be entitled to an evidentiary hearing. *See State v. Shaffer*, 96 Wis. 2d 531, 545–46 n.3, 292 N.W.2d 370 (Ct. App. 1980) (We need not address arguments unsupported by citation to authority.).

*State v. Brown*, 2003 WI App 34, ¶ 13, 260 Wis. 2d 125, 659 N.W.2d 110 (citations omitted). Thus, Reynolds's alibi claim by definition says he is alleging he was not at the scene.

¶ 11.   The State also argues the facts alleged do not present a coherent alibi. It questions how Mills recalls the time 10:45 p.m. and contends if Mills is estimating the time, his affidavit does not constitute an alibi. Thus, the State argues that there is no evidence that Mills's testimony would have helped Reynolds. It also contends that Mills's affidavit does not preclude that Reynolds and his first attorney discussed and dismissed pursuing an alibi defense. However, the State's arguments challenge the credibility of Reynolds's factual assertions, an issue ordinarily determined based on live testimony. *See Hampton*, 259 Wis. 2d 455, ¶ 25.

¶ 12.   The State also contends that the record conclusively shows that Reynolds is not entitled to relief and therefore the circuit court properly denied an evidentiary hearing. *See Bentley*, 201 Wis. 2d at 310. However, the State fails to cite such conclusive evidence in the record. It points out that Reynolds gave an eleven-page statement to police and suggests that, in that statement, he admitted being at the scene of the crime. However, the statement is not part of the record. Nonetheless, the State argues the statement was admitted at three hearings and those transcripts "lead[] to the conclusion that Reynolds did admit to being at the scene of the crime." However, the State fails to give record citations to portions of those transcripts in support of that conclusion. *See* WIS. STAT. RULE 809.19(1)(e) and (3)(a)2.[5]

---

[5] All references to the Wisconsin Statutes are to the 2003–04 version unless otherwise noted.

¶ 13. The State also argues the record conclusively shows that Reynolds and his counsel agreed to a trial strategy of minimizing Reynolds's culpability for the crimes, and thus counsel could not be ineffective for failing to pursue a different strategy. At a hearing held the day before trial, Reynolds's counsel indicated the defense would include an admission that Reynolds was at the scene. However, no such defense was ultimately presented. Also, because Reynolds was required to notify the State of his alibi defense at least fifteen days before trial, *see* Wis. Stat. § 971.23(8)(a), an alibi defense was not an option at the time defense counsel made this statement.

¶ 14. The State also relies on comments made at the sentencing hearing. Defense counsel stated that Reynolds remembered taking the car but did not remember the shooting and also reminded the court that Reynolds did not take the stand and make false statements. Reynolds also spoke, and he took responsibility and expressed remorse for his crimes. These sentencing comments certainly raise a factual dispute regarding the veracity of Reynolds's alibi claim. However, that is precisely the sort of dispute that should be resolved by a *Machner* hearing. We cannot conclude that the comments conclusively show Reynolds did not have an alibi that was not investigated or presented by his trial counsel.

■

¶ 15. Reynolds's postconviction motion, on its face, alleges sufficient facts that, if true, would entitle him to relief. To be clear, we make no holding as to whether Reynolds actually received ineffective assistance of counsel. Rather, because he has raised sufficient facts that, if found credible at an evidentiary hearing, would entitle him to relief and nothing in the

record conclusively demonstrates otherwise, we reverse and remand with directions to conduct a *Machner* hearing.

*By the Court.*—Judgment and order reversed and cause remanded with directions.