**COURT OF APPEALS
DECISION
DATED AND FILED**

**September 22, 2022**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No. 2022AP164-CR**

**STATE OF WISCONSIN**

Cir. Ct. No. 2021CF2306

**IN COURT OF APPEALS
DISTRICT IV**

STATE OF WISCONSIN,

    PLAINTIFF-APPELLANT,

V.

KEVIN J. MCDOWELL,

    DEFENDANT-RESPONDENT.

APPEAL from an order of the circuit court for Dane County: DAVID CONWAY, Judge. *Affirmed in part and cause remanded with directions*.

Before Blanchard, P.J., Fitzpatrick, and Graham, JJ.

¶1    FITZPATRICK, J.   The State charged Kevin McDowell in the Dane County Circuit Court with kidnapping and two counts of second-degree sexual assault. Prior to trial, the State filed a motion to admit "other acts" evidence related to allegations that McDowell sexually assaulted women other than the

alleged victim in this matter. With respect to an alleged incident between "D"[1] and McDowell, the State sought the introduction at trial of D's out-of-court statements to a forensic nurse examiner and a responding police officer. The circuit court determined that D's statements to the forensic nurse examiner and the officer are "testimonial" and, therefore, inadmissible under the Sixth Amendment's Confrontation Clause. The State appeals.[2] On appeal, the parties agree that we should remand to the circuit court for a further ruling by the circuit court concerning the statements D made to the forensic nurse examiner. In addition, we affirm the circuit court ruling that statements by D to the police officer are testimonial and inadmissible.

## BACKGROUND

¶2      The State filed a criminal complaint charging McDowell with kidnapping and sexual assault that allegedly occurred in 2017. Prior to trial, the State moved to admit several uncharged allegations of sexual assault by McDowell as other acts evidence pursuant to WIS. STAT. § 904.04(2)(a).

¶3      In that motion, the State alleged that McDowell sexually assaulted five women, including D, between 2003 and 2021. Pertinent to this appeal, the State intended to prove at trial D's allegation that she was sexually assaulted by

---

[1] Pursuant to WIS. STAT. § 809.19(1)(g) (2019-20), we refer to this person by a letter rather than by name. All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

[2] The State's appeal is pursuant to WIS. STAT. § 974.05(1)(d)2. which states in pertinent part: "[A]n appeal may be taken by the state from any … [o]rder or judgment the substantive effect of which results in … [s]uppressing evidence …." Sec. 974.05(1)(d)2.

McDowell through D's statements to a forensic nurse examiner[3] and a police officer. D had died before the State filed its other acts motion.

¶4 The forensic nurse examiner testified at an evidentiary hearing concerning the State's motion. In addition, the parties agreed that, in ruling on the admissibility of the statements by D to the officer, the circuit court would consider the substance of the police officer's report in lieu of the officer's testimony.

¶5 The circuit court ruled that the entirety of the statements made to the forensic nurse examiner by D are testimonial and inadmissible under the Confrontation Clause. The circuit court also ruled that statements to the officer by D are testimonial and inadmissible under the Confrontation Clause.

¶6 We will mention other facts in the following discussion.

## DISCUSSION

¶7 The Sixth Amendment's Confrontation Clause grants a defendant in a criminal case the right "to be confronted with the witnesses against him." U.S. CONST. amend. VI. The Confrontation Clause serves "to ensure the reliability of testimony by allowing the accused to challenge a witness's statements 'in the crucible of cross-examination.'" *State v. Reinwand*, 2019 WI 25, ¶21, 385 Wis. 2d 700, 924 N.W.2d 184 (citation omitted). Whether the admission of a declarant's out-of-court statement implicates the Confrontation Clause turns on whether the statement is "testimonial" or nontestimonial. *Id.*, ¶22. Whether the admission of an out-of-court statement violates a defendant's confrontation rights

---

[3] We follow the lead of the parties and refer to this person as a "forensic nurse examiner."

presents a constitutional question subject to this court's independent review. ***State v. Mattox***, 2017 WI 9, ¶19, 373 Wis. 2d 122, 890 N.W.2d 256.

## I. D's Statements to Forensic Nurse Examiner.

¶8 Both parties took the position in the circuit court that the statements by D to the forensic nurse examiner are either all testimonial or all nontestimonial and, therefore, either all statements by D to the forensic nurse examiner are admissible or all such statements are inadmissible. The positions of the parties have changed in this court. The State concedes on appeal that some statements D made to the forensic nurse examiner are testimonial. McDowell concedes on appeal that some statements D made to the nurse are nontestimonial.

¶9 The parties now agree that the U.S. Supreme Court requires courts to determine, as part of a Confrontation Clause discussion, whether individual statements of a declarant are testimonial rather than determining whether the entirety of a series of statements are testimonial: "Through *in limine* procedure, [courts] should redact or exclude the portions of any statement that have become testimonial, as they do, for example, with unduly prejudicial portions of otherwise admissible evidence." ***Davis v. Washington***, 547 U.S. 813, 829 (2006); *see also* ***United States v. Norwood***, 982 F.3d 1032, 1049 (7th Cir. 2020); ***State v. Burke***, 478 P.3d 1096, ¶42 (Wash. 2021). In light of ***Davis***, we agree with the parties' request for a remand to the circuit court for the circuit court to review each

statement made by D to the forensic nurse examiner to determine whether each statement is testimonial and, therefore, inadmissible.[4]

¶10   On remand, the circuit court may proceed in its discretion with the procedure it thinks best.  We suggest that the circuit court consider an approach that:  (1) requires the State to specify each statement from D to the forensic nurse examiner that it contends is nontestimonial; and (2) allows McDowell to respond to the State's filing by specifying his objections, if any, to the introduction in evidence of such statements the State has previously denominated.[5]

---

[4] Because the proper procedure set forth in **Davis v. Washington**, 547 U.S. 813 (2006), was not noted for the circuit court by the parties, the circuit court is without fault for not analyzing the individual statements made by D to the forensic nurse examiner as called for by **Davis**.  We recognize that McDowell argues in the alternative that remand should occur only if we reject his forfeiture-related arguments.  We do just that in the footnote that follows this one.

[5] McDowell argues in the alternative that this court should not remand to the circuit court for a ruling on D's statements to the forensic nurse examiner consistent with the procedure set forth in **Davis** because the State has forfeited its request for that approach.  First, McDowell contends that the State did not specify, in the circuit court, the statements that it contends are nontestimonial and, therefore, the State has failed to make an adequate offer of proof under WIS. STAT. § 901.03(1)(b) ("Error may not be predicated upon a ruling which … excludes evidence unless … the substance of the evidence was made known to the judge by offer or was apparent from the context within which questions were asked.").  McDowell relies on **State v. Brown**, 2003 WI App 34, ¶19, 260 Wis. 2d 125, 659 N.W.2d 110, in which this court determined that an offer of proof by Brown was insufficient because he failed to proffer any proposed evidence in support of an alibi defense.  Here, the State's position in the circuit court was overly broad and included all statements by D to the nurse.  For that reason, **Brown** is not applicable because the State's offer was not fatally underinclusive but, instead, was overinclusive, and the State's argument on appeal for a remand does not fail under § 901.03(1)(b).

Second, McDowell argues that the State's request for a statement-by-statement approach called for in **Davis** has been forfeited because the State did not rely on **Davis** in the circuit court. The State has the burden to establish that its proffered evidence is admissible.  **State v. Jenkins**, 168 Wis. 2d 175, 187-88, 483 N.W.2d 262 (Ct. App. 1992).  However, that requirement does not include a requirement that the State cite case law regarding how the circuit court is to analyze the evidence.  The State's failure to cite to **Davis** in the circuit court does not constitute forfeiture of the argument by the State on appeal.  Moreover, both parties failed to bring **Davis** and its in limine procedure to the circuit court's attention.  As a result, McDowell is not in the position on appeal to argue forfeiture by the State when McDowell also failed to bring the pertinent procedure to the circuit court's attention.

## II. Statements by D to Police Officer.

¶11    The State argues that statements made by D to a police officer are nontestimonial and, therefore, admissible. We disagree for the following reasons and begin with further facts concerning those statements.

¶12    There is no dispute that the written report of Officer Lewis of the Madison Police Department relates the following pertinent facts. Officer Lewis and two other officers were dispatched to a gas station for a reported fight involving three men. When Officer Lewis arrived, McDowell was standing outside the gas station. Officer Lewis walked inside the store and spoke to the clerk who said that two men had "jumped" McDowell, and then the two men left the area. Officer Lewis went outside to speak with McDowell, who said that two unknown men had attacked him for no reason. Officer Lewis had two officers stand by McDowell as Officer Lewis returned inside the store to speak with D.

¶13    The report further states:

> Upon making contact with [D], I observed that she kept her back to the door and she was crying into her hands. There were tears coming down her face and she was breathing heavily.
>
> I asked [D] what happened and initially she stated "he fucked." I then tried to get her to finish the sentence but she would not. I told her that we were about to let McDowell go and she immediately said something to the effect of please don't let him go. I then informed her that if something happened, she should tell me. She then blurted out he pulled on my [genital area]. I asked [D] to repeat herself and again she stated that he pulled her [genital area]. She then stated that he "fucked the shit out of me." I asked her did she know McDowell and she turned toward him and stated that she did not know him, that he had taken her car and driven her around and he had also "fucked the

6

shit out of her." It should be noted that throughout my contact with [D], she made that statement several times.[6]

At that point, I decided that McDowell needed to be detained.

¶14    The State concedes that the statements made by D to the officer after McDowell was detained are testimonial and inadmissible. Accordingly, we focus on the statements made by D to the officer before McDowell was detained, as quoted above from the police report. We next determine whether the "primary purpose" of the statements was to create an out-of-court substitute for trial testimony. *Mattox*, 373 Wis. 2d 122, ¶32. If so, the statements are testimonial and inadmissible under the Confrontation Clause. *Id.*

¶15    The State asserts that D's statements to the officer are admissible under the Confrontation Clause because the primary purpose of these statements, as considered in the context of the officer's interactions with D, was nontestimonial in that the statements were not made to gather evidence for the prosecution of McDowell. Put another way, the State argues that the statements by D are admissible under the Confrontation Clause because the primary purpose of the statements was nontestimonial in that the statements addressed an ongoing emergency. *Michigan v. Bryant*, 562 U.S. 344, 361 (2011) ("The existence of an ongoing emergency is relevant to determining the primary purpose of the

---

[6] Separate from its ruling that the statements D made to the officer are testimonial and inadmissible for that reason, the circuit court ruled that the parts of D's statement to the police officer quoted in the text that he "fucked the shit out of me" are inadmissible as evidence at trial because those statements are unduly prejudicial under WIS. STAT. § 904.03. That ruling is not appealed by the State. However, without challenging the ruling that those statements are not admissible at trial, the State relies in part on those statements in making its arguments in this appeal. Similarly, McDowell relies in part on those same statements in this appeal. As a result, the parties implicitly agree that we can consider those statements in our analysis of the Confrontation Clause issue although those statements will not be in evidence before the jury. At any rate, the result is the same if we do not consider those particular statements by D.

7

interrogation because an emergency focuses the participants on something other than 'prov[ing] past events potentially relevant to later criminal prosecution.'").

¶16 Our supreme court instructs that factors in the primary purpose test are: (1) the formality of the situation producing the statement; (2) whether the declarant makes the statement to law enforcement; (3) the declarant's age; and (4) the context in which the declarant makes the statement. *Mattox*, 373 Wis. 2d 122, ¶32.

¶17 The parties do not dispute that this situation was "informal" in that it was not a structured, station-house interview by Officer Lewis with D. *See Bryant*, 562 U.S. at 366. Further, there is no dispute that D made the statements to law enforcement. The parties do not discuss D's age as a pertinent factor.[7] Those three factors, considered together, are neutral in determining the primary purpose of the statements from D to the officer.

¶18 The parties train their sights, correctly, on the fourth *Mattox* factor, the context in which the declarant makes the statement. *Mattox*, 373 Wis. 2d 122, ¶32. The particular context pertinent here is whether the statements made by D to the police officer concerned an ongoing emergency or to aid in a prosecution of McDowell. *See Bryant*, 562 U.S. at 366. We now discuss further governing principles that guide our discussion of the fourth *Mattox* factor.

¶19 The statements and actions of both the declarant and interrogator provide objective evidence of the primary purpose of the interrogation. *Id.* at 367. As the *Bryant* court stated:

---

[7] The police report states that D's age was thirty-seven years at the time.

An objective analysis of the circumstances of an encounter and the statements and actions of the parties to it provides the most accurate assessment of the "primary purpose of the interrogation." The circumstances in which an encounter occurs—*e.g.*, at or near the scene of the crime versus at a police station, during an ongoing emergency or afterwards—are clearly matters of objective fact. The statements and actions of the parties must also be objectively evaluated. That is, the relevant inquiry is not the subjective or actual purpose of the individuals involved in a particular encounter, but rather the purpose that reasonable participants would have had, as ascertained from the individuals' statements and actions and the circumstances in which the encounter occurred.

*Id.* at 360. A similar objective analysis is required in determining if there was an ongoing emergency:

The existence of an ongoing emergency must be objectively assessed from the perspective of the parties to the interrogation at the time, not with the benefit of hindsight. If the information the parties knew at the time of the encounter would lead a reasonable person to believe that there was an emergency, even if that belief was later proved incorrect, that is sufficient for purposes of the Confrontation Clause. The emergency is relevant to the "primary purpose of the interrogation" because of the effect it has on the parties' purpose, not because of its actual existence.

*Id.* at 361 n.8.

¶20 Specific to the analysis of these facts, we may conclude that the primary purpose of the officers' questions and D's answers is nontestimonial if those statements concern an ongoing emergency. Statements concern an ongoing emergency when, viewed objectively, those statements are made to resolve a present emergency rather than to learn what happened in the past. *Davis*, 547 U.S. at 827. Statements "deliberately recounted, in response to police questioning" about "potentially criminal past events … some time after the events described

were over … are an obvious substitute for live testimony" and are "inherently testimonial." *Id.* at 830.

¶21     With those principles in mind, we consider the statements of D to the officer in the context of the questions put to D.[8]  We repeat the pertinent portion of the police report:

> I asked [D] what happened and initially she stated "he fucked."  I then tried to get her to finish the sentence but she would not.  I told her that we were about to let McDowell go and she immediately said something to the effect of please don't let him go.  I then informed her that if something happened, she should tell me.  She then blurted out he pulled on my [genital area].  I asked [D] to repeat herself and again she stated that he pulled her [genital area].  She then stated that he "fucked the shit out of me."  I asked her did she know McDowell and she turned toward him and stated that she did not know him, that he had taken her car and driven her around and he had also "fucked the shit out of her."  It should be noted that throughout my contact with [D], she made that statement several times.

¶22     From an objective standpoint, at the time each statement was made by D to the officer, McDowell was not an immediate threat to D.  McDowell was outside the building where D was standing with a police officer.  McDowell was not near D.  Two officers were standing with McDowell in the parking lot.  There was no evidence that McDowell had a weapon with which to harm D.  In other words, there was no emergency from D's perspective because McDowell was

---

[8] Given that the parties failed to bring *Davis* to the circuit court's attention, it is likely that, as with D's statements to the forensic nurse examiner, the circuit court did not consider separately each statement of D to the officer as *Davis* requires.  However, neither party contends that any failure to follow the methodology set forth in *Davis* made a difference to the circuit court's analysis of the statements that D made to the officer.  We take the parties' silence on this topic as a concession that any failure by the circuit court to separately consider the statements D made to the officer is harmless because, even when separately considered, the statements are either all testimonial or all nontestimonial.

controlled by the police. Rather, from an objective assessment, the statements made by D were descriptions, at the request of the officer, about what happened previously between D and McDowell. Those interactions gave the officer information about the alleged incidents that could be used to prosecute McDowell.

¶23 An objective assessment of the officer's actions must also be considered. The officer was called to the scene initially because there was a report of a fight involving three men. The officer saw no evidence of anyone fighting or threatening to fight when he arrived at the scene or while talking to persons at the scene. The officer did not ask D about a fight involving the men or danger to anyone at the scene. Rather, he asked in a general manner what had happened to D. Nothing objectively establishes that there was an ongoing emergency occurring from the perspective of Officer Lewis or that D had information about an ongoing emergency.

¶24 In sum, the statements by D to the officer were testimonial in that those were for the primary purpose of relaying evidence for a prosecution against McDowell. Therefore, the statements from D to the officer are inadmissible under the Confrontation Clause.

## CONCLUSION

¶25 For the foregoing reasons, this matter is remanded for further proceedings consistent with this opinion regarding the statements to the forensic nurse examiner, and the order of the circuit court regarding the statements to the police officer is affirmed.

*By the Court.*—Order affirmed in part and cause remanded with directions.

11

Not recommended for publication in the official reports.